**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DAVID HATCH,** | |
| Plaintiff, | Case No.: |
| v. | |
| **BLUESTEM BRANDS, INC. d/b/a FINGERHUT,** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | (Unlawful Debt Collection Practices) |

## COMPLAINT

DAVID HATCH ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of New York and, as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Henrietta, New York 14467.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a lender with its principal place of business located at 6509 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or around September 2014, and continuing through November 2014, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

14. During the relevant period, Defendant called Plaintiff on his cellular telephone, on average, one to two times per day.

15. Upon information and belief, when contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system.

16. Defendant's telephone calls were not made for "emergency purposes."

17. Further, in September 2014, when Defendant's calls began, Plaintiff revoked

any consent previously given to Defendant to place telephone calls to his cellular telephone number.

18. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling his cellular telephone number.

19. Despite the above, Defendant persisted in calling Plaintiff on his cellular telephone for several weeks.

20. For example, Defendant contacted Plaintiff on his cellular telephone on the following dates: September 26, 2014, September 27, 2014, September 28, 2014, September 29, 2014, September 30, 2014, October 1, 2014, October 1, 2014, October 10, 2014, October 11, 2014, October 12, 2014, October 13, 2014, October 14, 2014, October 15, 2014, October 16, 2014, October 17, 2014, October 18, 2014, October 19, 2014, October 20, 2014, October 21, 2014, October 22, 2014, October 23, 2014, October 25, 2014, October 26, 2014, October 27, 2014, October 28, 2014, October 29, 2014, October 30, 2014, October 31, 2014, November 1, 2014, November 2, 2014, November 3, 2014, and November 4, 2014,.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for emergency purposes.

24. Defendant's calls to Plaintiff, after September 2014, were not made with Plaintiff's prior express consent.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DAVID HATCH, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DAVID HATCH, demands a jury trial in this case.

Respectfully submitted,

Dated: March 20, 2015

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel, Esquire
Attorney ID # 2790038
Attorney for Plaintiff
Kimmel & Silverman, P.C.
1207 Delaware Avenue, Suite 440
Buffalo, NY 14209
Phone: (716) 332-6112
Facsimile: (877) 788-2864
Email: kimmel@creditlaw.com